UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE NAPIERALSKI,

    Plaintiff,

v.                                                       Case No. 1:18-cv-1020
                                                         Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her application for disability insurance benefits (DIB).

Plaintiff alleged a disability onset date of April 20, 2015. PageID.39. Plaintiff identified her disabling conditions as post-traumatic osteoarthritis right knee, nerve damage right ankle (with burning/weakness issues), bone fusion surgery in left foot (May 4, 2015), and right foot arthritis. PageID.190. Prior to applying for DIB, plaintiff completed one year of college and had past employment as a material handler, a cashier, a small product assembler, and a hand packager. PageID.47, 60. An administrative law judge (ALJ) reviewed plaintiff's application *de novo* and entered a written decision denying benefits on October 4, 2017. PageID.39-48. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ's DECISION

Plaintiff's application for disability benefits failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date of April 20, 2015, and that she meets the insured status requirements of the Social Security Act through March 31, 2021. PageID.41. At the second step,

the ALJ found that plaintiff had severe impairments of osteoarthritis of the right knee and osteoarthritis of the bilateral feet. PageID.41. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.* The ALJ specifically addressed Listing 1.02 (major dysfunction of a joint). *Id*.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, as defined in 20 CFR 404.1567(b). The claimant can occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk for four hours total in an eight-hour workday; and sit for approximately six hours in an eight-hour workday. The claimant can occasionally stoop, kneel, crouch, crawl, and climb.

PageID.42. The ALJ also found that plaintiff was able to perform her past relevant work as a small products assembler and hand packager. PageID.47. The ALJ found that this work does not require the performance of work-related activities precluded by plaintiff's residual functional capacity (RFC) and that she is able to perform this work as generally performed. *Id*. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from April 20, 2015 (the alleged onset date) through October 4, 2017 (the date of the decision). PageID.47-48.

### III. DISCUSSION

Plaintiff set forth three issues on appeal.

**A. This case must be remanded because the ALJ at the hearing was not properly appointed.**

Plaintiff contends that because this case was at the Appeals Council when the Supreme Court decided *Lucia v. Securities and Exchange Commission*, -- U.S. --, 138 S. Ct. 2044 (2018), "the ALJ in this case was improperly appointed." Plaintiff's Brief (ECF No. 14,

PageID.830-831). Plaintiff contends that this is her first opportunity to raise the issue because the Appeals Council decided the case after the release of the *Lucia* decision. *Id*. Plaintiff contends that the Court needs to remand the case for review by another ALJ. *Id*. Plaintiff also cites SSR 19-1p ("Titles II and XVI: Effect of the Decision in Lucia v. Securities and Exchange Commission (SEC) on Cases Pending at the Appeals Council"). *Id*.

Plaintiff makes no argument other than citing these authorities and requesting relief. Accordingly, her argument is waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones."). Furthermore, this Court has rejected similar claims when the plaintiff failed to contest the ALJ's appointment during the administrative proceedings. *See, e.g., Sturdee v. Commissioner of Social Security*, 1:18-cv-770, 2019 WL 4743836 (W.D. Mich. Sept. 30, 2019); *Van Andel v. Commissioner of Social Security*, No. 1:17-cv-1021, 2019 WL 1375339 (W.D. Mich. March 27, 2019).

### B. The ALJ committed reversible error when she failed to comply with the Social Security Administration's rules for evaluating medical opinions.

Plaintiff had surgery on her left foot on May 4, 2015. PageID.43. For some months after the surgery, she reported left foot pain, stiffness, numbness, weakness and swelling. PageID.44. On August 24, 2016, plaintiff underwent a left tibial sesamoid to relieve some of her post-surgical problems. *Id*. Plaintiff had work restrictions both before and after each surgery. Plaintiff contends that the ALJ improperly gave little weight to the work restrictions assessed by orthopedic physician Donald Bohay, M.D., in January and February, 2017, when the ALJ

characterized the doctor's restrictions as temporary and inconsistent. Plaintiff's Brief at PageID.831.[1] Plaintiff appears to be referring to the following passage of the ALJ's decision:

> In his signed statement dated January 19, 2017 where he returns the claimant to "sedentary work only" and signed statement dated February 9, 2017 in which he returns the claimant to work with only a "sit/stand" option, Dr. Bohay further opines in both statements, that if an employer is unable to accommodate the sit/stand option, then it is the employer's responsibility to place the claimant off work (Exhibits 4F/10, 8F/4, 9). The undersigned assigns little weight to Dr. Bohay's opinion, as he provides no accompanying narration for his findings. Further, his restrictions appear temporary in nature, as well as inconsistent. For example, the restriction on January 19, 2017 provides for sedentary, then no lifting. Whereas, the most recent restriction on February 9, 2017 notes only a sit/stand option.
>
> As previously discussed, post-surgery foot/ankle examinations on January 19, and February 9, 2017 again revealed normal, strength, stability, gait and posture, without the need for ambulatory assistance despite the claimant's continued complaints of pain, swelling, and stiffness (Exhibits 8F/l-2, 6; 10F/20-21, 24).

PageID.46.[2]

As an initial matter, the Court views the work restrictions as medical opinions, which are defined as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, <u>what you can still do despite impairment(s), and your physical or mental restrictions</u>." 20 C.F.R. § 404.1527(a)(1) (emphasis added). A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long

---

[1] The Court notes that plaintiff erroneously states that Dr. Bohay's most recent restriction was February 9, 2019. Plaintiff's Brief at PageID.831.
[2] The Court notes that neither of the cited work restrictions refer to "no lifting." *See* PageID.421, 426.

period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. §404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. §404,1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. §404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

Plaintiff contends that Dr. Bohay's restrictions were not "temporary" and "inconsistent" as characterized by the ALJ, but rather part of a series of work restrictions which began in April 2015: April 21, 2015 (limited to sedentary work with multiple restrictions by Brian M. Weatherford, M.D.(PageID.353)); December 15, 2015 (limited to sedentary work only, to elevate affected extremity as needed, no climbing, no stairs, no lifting, according to Dr. Bohay, (PageID.453) (in place until next appoint)); October 20, 2016 (limited to sedentary work only by

7

Dr. Bohay (PageID.432)); January 19, 2017 (limited to sedentary work only by Dr. Bohay (PageID.419)); and, February 9, 2017 (limited to work with a sit/stand option by Dr. Bohay (PageID.420)).  *See* Plaintiff's Brief at PageID.834.

Plaintiff was under work restrictions from April 21, 2015 until sometime after February 9, 2017.  During this time, plaintiff was either waiting to have surgery, having surgery, or recovering from surgery.  In this context, the Court does not view Dr. Bohay's work restrictions as either temporary or inconsistent.

In addition, the ALJ assigned "little weight" to the work restrictions because the doctor "provides no accompanying narration for his findings."  PageID.46.  In most cases, the Court would agree with the ALJ's rationale, especially when evaluating lengthy RFC determinations in which a doctor checks boxes identifying multiple restrictions with no explanation.  However, in the Court's experience, a work restriction is not an RFC form prepared to support a patient's disability claim.  Nor is a work restriction intended to be a diagnosis.  Rather, it is typically a short statement which informs a patient's employer of the patient's limitations.  Because the purpose of a work restriction is to advise an employer as to an employee's work-related limitations, an ALJ should not discount a work restriction for lack of medical findings.  The medical evidence to support a work restriction is found in the patient's treatment history.

Based on this record, the ALJ did not give good reasons for assigning little weight to Dr. Bohay's work restrictions.  Accordingly, this matter should be reversed and remanded pursuant to 42 U.S.C. § 405(g).  On remand, the ALJ should re-evaluate plaintiff's work restrictions and medical treatment commencing in April 2015.

### C. The ALJ's RFC determination is not supported by substantial evidence.

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). Here, the ALJ found that plaintiff had the RFC to perform a limited range of light work. PageID.42. However, as discussed in § III.B., plaintiff's treating physicians limited her to sedentary work for over a year commencing in April 2015. Given this limitation, the ALJ's RFC determination that plaintiff could perform a range of light work after April 2015 is not supported by substantial evidence. Accordingly, this forms a second basis for a reversal and remand pursuant to 42 U.S.C. § 405(g). On remand, the ALJ should re-evaluate plaintiff's RFC.

### IV. CONCLUSION

Accordingly, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate plaintiff's work restrictions, medical treatment, and RFC commencing in April 2015. A judgment consistent with this opinion will be issued forthwith.


Dated: March 24, 2020  /s/ Ray Kent
United States Magistrate Judge